## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANOIA'S EATERY, LLC d/b/a
DIANOIA'S and PIZZERIA DAVIDE,

        Plaintiff,

    v.

MOTORISTS MUTUAL INSURANCE
COMPANY,

        Defendant.

Civil Action No.  2:20-cv-787

### NOTICE OF REMOVAL

NOW, comes Defendant, Motorists Mutual Insurance Company ("MMIC"), by and through its attorneys, BURNS WHITE LLC, and files this Notice of Removal pursuant to 28 U.S.C. § 1441.  MMIC submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of Removal, MMIC states as follows:

1.     MMIC previously removed the instant matter on May 14, 2020; however, the Court remanded by its Order of May 19, 2020, based on the Court's conclusion that diversity of citizenship had not been adequately demonstrated. See Order [Doc. 3], Dianoia's v. Motorists Mutual Ins. Co., 2:20-cv-00706-NBF, at 2 (May 19, 2020).

2.     On May 26, 2020, MMIC filed an Amended and Renewed Notice of Removal; however, the Court timely advised by its Order of May 27, 2020, that because its prior Remand Order had been mailed to the state court on May 23, 2020, the federal court no longer had

jurisdiction and could not entertain the Amended Notice. See Order [Doc. 5], Dianoia's v. Motorists Mutual Ins. Co., 2:20-cv-00706-NBF, at 1 (May 27, 2020).

3.      In both the May 19, 2020 Order and the May 27, 2020 Order, the Court explained that it would be disinclined to exercise any diversity jurisdiction it may have over Plaintiff's claim for "declaratory judgment," pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014). See, 2:20-cv-00706-NBF, Order [Doc. 3], at 3, Order [Doc. 5], at n. 1.

4.      Respecting the prior statements by the Court, MMIC timely files this Notice of Removal in order to:

  a.   Address and cure any potential defects in establishing diversity jurisdiction that may have arisen from Plaintiff's sworn allegations concerning its being a "corporation" and its citizenship, upon which MMIC relied;

  b.   Assert that, because the Complaint expressly alleges a "breach of contract" claim relative to first party property coverages that seeks money damages – a claim that can, alone, be adjudicated in the absence of any declaratory relief sought in the Complaint – the Complaint asserts an independent claim for legal relief, for which jurisdiction is non-discretionary and as to which the DJA and Brillhart/Wilton abstention principles do not apply;

  c.   Assert that, where the denial of coverage at issue allegedly occurred in the past, the Complaint does not, in fact, seek a declaratory judgment applicable to future conduct or obligations, irrespective of the label Plaintiff chose to assign to its claim, and, therefore, the DJA and Brillhart/Wilton abstention principles do not apply; and

d. Assert that, even if the Complaint could be read to exclusively seek declaratory relief, the Court should not decline to exercise jurisdiction under Brillhart/Wilton abstention principles, and, in this regard, MMIC seeks the full opportunity to brief the Court upon a motion to abstain, if made; however, MMIC presents certain case law and argument for the Court's consideration on this Notice of Removal.  If and when such a motion is filed, the motion should be denied, because all of the factors identified by the Third Circuit for determination of such a motion weigh squarely in favor of accepting jurisdiction.

5.    As it relates to the litigation of the claims at issue in federal court, MMIC submits that (i) Plaintiff's counsel in this matter has filed and is already litigating similar insurance coverage issues (including the applicable virus exclusion) in another lawsuit in the United States District Court for the Western District of Pennsylvania (Windber Hospital v. Travelers, 3:20-cv-00080-KRG),[1] and (ii) cases involving similar coverage issues have been filed and are pending in the United States District Court for the Western District of Pennsylvania (Geneva Foreign & Sports, Inc. v. Erie Insurance Company of New York, 1:20-cv-00093-SPB), the United States District Court for the Middle District of Pennsylvania (Kahn v. Penn Nat'l, 1:20-cv-00781-JEJ), and the United States District Court for the Eastern District of Pennsylvania (Independence Restaurant Group, LLC v. Certain Underwriters at Lloyd's London, 2:20-cv-02365-CFK; Sidkoff, Pincus & Green, P.C. v. Sentinel Ins. Co.. 2:20-cv-02083 (MDL pending)), among others.

---

[1] A court may take judicial notice of "'any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Netherlands Ins. Co. v. Butler Area Sch. Dist., 256 F. Supp. 3d 600, 604, n. 3 (W.D. Pa. 2017) (Schwab, J.) (taking judicial notice of public documents), quoting Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

Accordingly, litigation of the insurance coverage issues arising out of the COVID-19 pandemic in federal court is almost certain to occur.

## TIMELINESS OF REMOVAL

6.      This Notice of Removal is timely filed within thirty (30) days of MMIC's receipt of a copy of the lawsuit filed by "DiAnoia's Eatery, LLC d/b/a DiAnoia's and Pizzeria Davide" ("DiAnoia's" or "Plaintiff") in the Court of Common Pleas of Allegheny County, Pennsylvania, at Docket No. GD-20-005273 ("Lawsuit").  28 U.S.C.A. § 1446(b).

7.      The Complaint filed in the Lawsuit attached a policy of insurance issued by an insurer other than MMIC to an insured other than DiAnoia's (see Ex. 1); however, Plaintiff transmitted a copy of the Complaint attaching a policy of insurance issued by MMIC to DiAnoia's ("Policy") to MMIC under cover correspondence dated April 28, 2020, which was received on or about May 4, 2020 (see Ex. 2).

## STATE COURT RECORDS

8.      In addition to the Complaint, copies of (i) the state court docket, (ii) Proof of Service, and (iii) Notice of Amended Exhibit A to Civil Action – Complaint Seeking Declaratory Relief are attached hereto at Exhibit 3.

9.      Copies of the Notice of Filing Notice of Removal and the Court's May 19, 2020 Remand Order are attached hereto at Exhibit 4.

10.      Upon information and belief, the documents that are attached hereto at Exhibits 1, 2, 3, and 4 constitute all of the pleadings, process, and orders, which were served on MMIC and filed in connection with the state court action.

## COMPLETE DIVERSITY

**A.    Whether Plaintiff Is a Corporation, as It Alleges, or a Limited Liability Company, Neither It Nor any of its Members Are Citizens of Ohio.**

11.    According to Plaintiff's sworn, verified allegations, "made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities," Plaintiff is "a corporation organized and existing under the Commonwealth of Pennsylvania, with its principal place of business located at 2549 Penn Avenue, Pittsburgh, Allegheny County." (See Ex. 1 and 2, ¶ 1, Verification.)

12.    The Court must accept as true a plaintiff's allegations regarding its own corporate form in considering whether diversity exists.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (in considering remand of a removed case, "the district court must assume as true all factual allegations of the complaint").

13.    Indeed, Plaintiff is in the best position to plead factually accurate, sworn facts relative to its form and potential membership. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 108 (3d Cir. 2015) ("The unincorporated association … is in the best position to ascertain its own membership.").

14.    For purposes of pleading removal, therefore, MMIC is entitled to rely on Plaintiff's own sworn allegation that it is a "corporation" organized under Pennsylvania law.

15.    Given that Plaintiff alleges under oath that it is a "corporation," the need for additional investigation into Plaintiff's citizenship, to the extent called for under Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015), had Plaintiff pleaded that it is an unincorporated entity, does not arise.  Any factual issue as to the truth of Plaintiff's allegation in this regard is not subject to resolution at the pleading (Notice of Removal) stage, but must be subject to discovery and jurisdictional fact-finding and evidentiary hearing.  Lincoln Ben., 800

F.3d at 102 ("*If* the defendant [here, Plaintiff] thereafter mounts a factual challenge, the plaintiff [here, Defendant] *is entitled to* limited discovery for the purpose of establishing that complete diversity exists.") (emphasis added).

16.     Nevertheless, in addition and in the alternative, after reasonable investigation and upon information and belief, Plaintiff "DiAnoia's Eatery, LLC d/b/a DiAnoia's and Pizzeria Davide" does not exist as a Pennsylvania limited liability company under that name, but, rather, it is a trade name/registered fictitious name owned by "ADDA Group LLC,"[2] a Pennsylvania limited liability company, the members of which are Aimee DiAndrea and David Anoia.

17.     According to the Certificate of Organization of ADDA Group LLC obtained from the Pennsylvania Secretary of State, the organizer of ADDA Group LLC is David F. Anoia, and the company's address is 546 South Graham Street, Pittsburgh, PA 15232. (See Ex. 5.)

18.     According to the Registration of Fictitious Name of DiAnoia's Eatery obtained from the Pennsylvania Secretary of State, the agents authorized to execute amendments to the registration are David F. Anoia and Aimee DiAndrea. (See Ex. 6.)

19.     According to the real estate records of Allegheny County, Pennsylvania, the address listed for ADDA Group LLC on its Certificate of Organization, 546 South Graham Street, Pittsburgh, PA 15232, is residential and owned by Aimee DiAndrea. (See Ex. 7.)

20.     According to self-published information, Aimee DiAndrea lives in Pittsburgh, Pennsylvania and "owns DiAnoia's Eatery with her husband Dave in the Strip District." (See Ex. 8, http://aimeediandrea.weebly.com/).

---

[2] The "named insured" on the MMIC Policy remains "DiAnoia's Eatery LLC DBA Pizzeria Davide." By identifying ADDA Group LLC as the true limited liability company ostensibly behind the "LLC" identified in the MMIC Policy, MMIC does not concede that ADDA Group LLC is an insured or that any business of ADDA Group LLC is insured under the Policy, and MMIC reserves all rights in this respect.

21.     Accordingly, upon information and belief, the members of ADDA Group LLC, the true entity using the fictitious name identified in the Complaint herein, are Aimee DiAndrea and David Anoia, citizens of Pennsylvania, who reside at 546 South Graham Street, Pittsburgh, PA 15232.

22.     "[E]ven the most convoluted association is, at bottom, made up of natural persons and/or corporations, for which bare allegations of citizenship suffice." Lincoln Ben., 800 F.3d at 106.

23.     Under any reasonable potentiality, both at the time that Plaintiff initiated this action and at the time of this Removal, Plaintiff and/or all of its members were and are citizens of Pennsylvania.

24.     Under any reasonable potentiality, both at the time that Plaintiff initiated this action and at the time of this Removal, Plaintiff and/or all of its members were not and are not citizens of Ohio.

25.     "Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The membership of an LLC is often not a matter of public record. Thus, a rule requiring the citizenship of each member of each LLC to be alleged affirmatively before jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended." Lincoln Ben., 800 F.3d at 108–09.

26.     To be certain, "[a] State X [party] may … survive a facial challenge [to diversity] by alleging that none of the [opposing party's] association's members are citizens of State X." Id. at 107.

27.    Allegations "on information and belief" that a party is not a citizen of a particular state "suffice[ ] to establish diversity." Id.

28.    Here, after reasonable investigation and upon information and belief, none of Plaintiff limited liability company's members are citizens of Ohio.

29.    Here, after reasonable investigation and upon information and belief, Plaintiff and all of its members are not citizens of Ohio.

**B.    MMIC is a Citizen of Ohio.**

30.    For its part, MMIC, the lone defendant in the Lawsuit, is not a Pennsylvania entity, nor does MMIC maintain its principal place of business in Pennsylvania. (See Ex. 1 and 2, ¶ 3.)

31.    Rather, MMIC is a mutual insurance company organized under the laws of the State of Ohio with its principal place of business in Ohio, specifically, at 471 E. Broad Street, Columbus, Ohio. (See Ex. 1 and 2, ¶ 3.)

32.    Both at the time that Plaintiff initiated this action and at the time of this Removal, MMIC was and is a citizen of Ohio. (See Ex. 1 and 2, ¶ 3.)

33.    Both at the time that Plaintiff initiated this action and at the time of this Removal, MMIC was not and is not a citizen of Pennsylvania. (See Ex. 1 and 2, ¶ 3.)

34.    Accordingly, where Plaintiff and all of its members (Pennsylvania) and Defendant (Ohio) are citizens of different states, the requirement of pleading complete diversity for removal is satisfied as a matter of law.  Lincoln Ben., *supra*.

## NON-DISCRETIONARY JURISDICTION

35.    In the Complaint, Plaintiff asserts a claim for legal relief – specifically, allegations asserting a "breach of contract," and all its elements, seeking money damages for breach of the Policy – but labeled as a claim for "Declaratory Judgment." (See Ex. 1 and 2, generally.)

36.     As a general matter, a complaint that seeks money damages seeks legal relief, not declaratory relief, and should not be treated as seeking declaratory relief.  See Reifer v. Westport Ins. Corp., 751 F.3d 129, 137 (3d Cir. 2014) ("It may, in some circumstances, be possible for a party's claim for legal relief to masquerade as a declaratory judgment, improperly activating discretionary jurisdiction.").[3]

37.     A claim that does not seek a declaration as to future conduct, but seeks relief as to past conduct, does not seek declaratory relief.

> Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct. Declaratory judgments are not meant simply to proclaim that one party is liable to another.

Andela v. Admin. Office of U.S. Courts, 569 F. App'x 80, 83 (3d Cir. 2014) (citations omitted).

38.     Because the Complaint seeks legal relief for money damages due to breach of contract, the Court has no discretion to abstain from exercising its jurisdiction under Brillhart/Wilton abstention principles.  Wilton v. Seven Falls Co., 515 U.S. 277, 284 (1995) (federal courts have a "virtually unflagging obligation" to "exercise the jurisdiction conferred on them by Congress").

39.     Even if the Complaint seeks declaratory relief, in part, it asserts an independent claim for damages – "When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims."

---

[3] MMIC notes that the Complaint at issue in Reifer (4:12-cv-00533-MWB, Doc. 2), which is a matter of public record and subject to judicial notice, was devoid of any "breach of contract" allegations and sought only a declaration that the insurer was obligated to pay a judgment entered in another case, distinguishing it from the claims that appear in the Complaint filed in the instant matter – rendering the Complaint at issue here more akin to the Complaints in both Rarick v. Federated Serv. Ins. Co., 852 F.3d 223 (3d Cir. 2017) (2:13-cv-03286-JFL, Doc. 1) and Schodle v. State Farm Mut. Auto. Ins. Co., 2017 WL 1177133 (E.D. Pa. Mar. 30, 2017) (2:17-cv-00407-HB, Doc. 1) – that is, a breach of contract claim masquerading as a declaratory judgment improperly seeking to activate discretionary jurisdiction.

Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017); Schodle v. State Farm Mut. Auto. Ins. Co., 2017 WL 1177133, at *2 (E.D. Pa. Mar. 30, 2017), *quoting* Rarick, *supra*.

40.     "If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims," and Brillhart/Wilton abstention principles are inapplicable.  Rarick, 852 F.3d at 229; Schodle, 2017 WL 1177133, at *2, *quoting* Rarick, *supra*.

41.     As a general matter, where a breach of contract is alleged, breach of contract claims are independent from declaratory judgment claims concerning the contract provisions, because the breach of contract claim can be decided without need for a declaration. See Walsh/Granite JV v. HDR Eng'g, Inc., 2017 WL 11485584, at *2 (W.D. Pa. Nov. 7, 2017) (Fischer, J.) ("legal claims are independent of the declaratory judgment claim because 'they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief.'"), *quoting* Rarick, 852 F.3d at 228.  The same is true of claims for breach of an insurance policy. Schodle, 2017 WL 1177133, at *2.

42.     Independence is established when the legal claim is "'alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief.'" Griggs Rd., L.P. v. Selective Way Ins. Co. of Am., 2017 WL 2645542, at *4 (M.D. Pa. June 19, 2017), *citing and quoting* Rarick, 852 F.3d at 228.

43.     In the context of an insured seeking monetary damages for an insurer's alleged breach of a first-party property insurance policy, as Plaintiff seeks here, the claim for damages is independent of any claim for declaratory relief, and is not subject to abstention in the absence of a parallel state court proceeding. Griggs Rd., 2017 WL 2645542, at *4, *citing* Schodle, 2017 WL 1177133, at *2 ("because Plaintiffs are undoubtedly seeking monetary relief they aver is owed

under the policy, a resolution of the instant controversy can be fully accomplished through the adjudication of the breach of contract claim.").

44.     "[D]epriving access to a federal forum simply because there is a request for declaratory relief 'seems especially unwarranted given that nearly all claims, including those for damages or injunctive relief, effectively ask a court to declare the rights of the parties to the suit.'" Rarick, 852 F.3d at 228, *quoting* VonRosenberg v. Lawrence, 781 F.3d 731, 735 (4th Cir. 2015).

45.     Here, the Complaint alleges that Plaintiff submitted a claim under the Policy seeking coverage for "losses, damages, and expenses caused by the COVID-19 pandemic." (Ex. 1 and 2, ¶¶ 10, 25, 29, 30.)

46.     The Complaint alleges that MMIC "denied the claims [sic] Plaintiff, DiAnoia's, for recovery of damages caused by the COVID-19 pandemic." (See e.g., Ex. 1 and 2, ¶¶ 32, 37.)

47.     The Complaint (i) alleges that Plaintiff is entitled to "coverage for the losses, damages, and expenses caused by the COVID-19 pandemic," (ii) alleges that the failure to provide that coverage constituted "*a material breach of [the MMIC] [P]olicy*" in "direct *violation of the specific terms and provisions of the [MMIC] Policy,*" and (iii) seeks the coverage – that is, monetary relief – allegedly due. (See e.g., Ex. 1 and 2, ¶¶ 33, 34, 38, 40, 41, 42.) (emphasis added).

48.     Inconsistent with a claim seeking declaratory relief, Plaintiff has confirmed that it seeks money damages in an amount in excess of the applicable arbitration limit. (See Ex. 1, at Civil Cover Sheet.)

49.     Accordingly, Plaintiff's claim for money damages is premised on an alleged breach of contract that it contends has already occurred.  Such a claim can be fully determined even if Plaintiff did not seek declaratory relief, and it is therefore independent for purposes of determining the basis of the Court's jurisdiction.

50.    Plaintiff's allegations here are materially different from those in other cases in which neither party alleges that the other is in "breach," such that neither is yet entitled to monetary relief under the contract, but in which one party seeks a declaration as to the rights and obligations of the parties prior to any breach.  In that instance, elimination of the claim for declaratory relief would leave no independent legal claim for breach of contract.  See R.R. Street & Co. v. Vulcan Materials Co., 569 F.3d 711, 717 (7th Cir. 2009) (insured's claim for money damages for breach of contract was independent of declaratory relief claim; "Put simply, the non-declaratory claims are independent of the declaratory claim because they could stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim.") (cited with approval in Rarick, 852 F.3d at 228).

51.    Plaintiff's attempt to "artfully plead" a "declaratory judgment" claim should not be permitted to control the Court's jurisdiction and/or deprive MMIC of its right to remove this matter to federal court. See, *generally*, United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986) (artful pleading cannot deprive a party of a federal forum), *citing* 14A Wright & Miller, Federal Prac. and Proc. § 3722 at 270; Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359, 365 (5th Cir.) (plaintiff cannot defeat removal by fraudulent means or artful pleading).

52.    But further, the Court can forego the need to look through Plaintiff's artful pleading where, as here, the Complaint contains an independent and expressly stated claim for breach of contract, rendering the "declaratory judgment" claim superfluous and jurisdiction non-discretionary, such that removal must be permitted. Schodle, 2017 WL 1177133, at *2 (denying remand where "breach of contract claim is the essence of this lawsuit," such that the court "need not decide if it is an effort at artful pleading designed to defeat federal jurisdiction"); Rarick, 852 F.3d at 229 (citing the court's virtually unflagging obligation to hear independent legal claims);

12

see also Walsh/Granite, 2017 WL 11485584, at *2 (acknowledging the independent nature of breach of contract and declaratory judgment claims).

53.     As the court said in Schodle:

> [T]he motion to remand *must be denied*. The non-declaratory breach of contract claim is independent of the declaratory judgment claim inasmuch as it is alone sufficient to invoke subject matter jurisdiction and can be adjudicated even if the claim for declaratory judgment was to be dismissed. The breach of contract claim is the essence of this lawsuit. The insured surely wants monetary relief, not simply a declaration of his rights. The case before us is somewhat unusual in that it is the insured, rather than the insurer, who seeks declaratory relief.  It is puzzling that he has brought this extraneous claim which really adds nothing to his case.

2017 WL 1177133, at *2 (emphasis added).

## THE COURT SHOULD NOT ABSTAIN
## EVEN IF JURISDICTION IS DISCRETIONARY

54.     In its May 19, 2020 Order, and again in its May 27, 2020 Order, the Court stated that it would be inclined to abstain from exercising any jurisdiction it might have, based on its application of the factors stated in Reifer v. Westport Ins. Corp., 751 F.3d 129, 146 (3d Cir. 2014) and Kelly v. Maxum Specialty Ins. Group, 868 F.3d 274, 282 (3d Cir. 2017).  See 2:20-cv-00706-NBF Order [Doc. 3], at 3-6, see also Order [Doc. 5], at n. 1.

55.     MMIC respectfully requests the opportunity to brief the issues raised by the Court, if a motion to abstain is made (or on the Court's own motion), as they are not subject to full and fair determination based only on a Notice of Removal.

56.     Nevertheless, MMIC would show the Court as follows: "The discretion courts exercise in actions seeking only declaratory relief is 'substantial' but nonetheless 'bounded and reviewable.'"  Kelly, 868 F.3d at 282, *quoting* Reifer, *supra*.  "[T]he 'wholesale' dismissal of certain types of cases brought under the DJA is improper, as litigants should not be unjustifiably denied the right to obtain an authorized remedy in federal court."  Id.

57.    "Courts should first determine whether there is a 'parallel state proceeding.' Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with 'increased emphasis.'" Id. (citations omitted).

58.    "'[T]he absence of pending parallel state proceedings *militates significantly in favor of exercising jurisdiction*, although it alone does not require such an exercise.'" Id., *quoting* Reifer, *supra* (emphasis added).

59.    There is no pending parallel state court proceeding in this case.

60.    "[I]f a state parallel proceeding does not exist, then 'as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors.'" Id., *quoting* Reifer, *supra*.

61.    In an insurance declaratory judgment case, the Third Circuit in Kelly found that the district court had abused its discretion in remanding the case, because "[t]he lack of pending parallel state proceedings [there] was not outweighed by opposing factors." Id. at 288.

62.    Kelly's analysis of the Reifer factors shows that jurisdiction should also be retained here.

63.    First, a declaratory judgment would resolve the uncertainty that prompted filing of the action. Id. "Declaratory relief by the District Court would unquestionably clarify and settle the dispute regarding [the insurer's] obligations under the insurance policy." Id.

64.    "Second, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum. The District Court considering the Declaratory Action sits in the same city as the court in which the [insured] originally filed suit." Id.

65.     "Third, the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address." Id.

66.     On this point, the Kelly court noted that a generalized concern with having a state court decide issues under state common law is not sufficient to abstain from deciding those issues. Absent "an unsettled question of state law or important policy issue implicated by the coverage claims," "there is little reason for a federal court to be reluctant about deciding this case." Id., at n.13.

67.     In this case, an insured seeks insurance coverage for lost business income arising out of governmental "stay at home" orders resulting from a virus, under an insurance policy that among other things states, "[w]e will not pay for loss or damage caused by or resulting from any virus."   While the current COVID-19 pandemic and resulting shutdown orders may be unprecedented (and MMIC in no way disputes their serious consequences), the claim involves application of clear policy language to a set of facts involving a private enterprise, which does not involve any novel issues of law or any public interest. See id., *quoting* Reifer, *supra* ("Federal and state courts are equally capable of applying settled state law to a difficult set of facts."); Sayles v. Allstate Ins. Co., 219 A.3d 1110, 1130 (Pa. 2019) ("Insurance contracts, while highly regulated, are still contracts. They remain arrangements between private parties."); Grode v. Mut. Fire, Marine & Inland Ins. Co., 8 F.3d 953, 959 (3d Cir. 1993) ("Although the state regulates insolvent insurance companies, simple contract actions that happen to involve such companies are not matters of important regulatory concern or actions interfering with important state policies."); Plavin v. Grp. Health Inc., 323 F. Supp. 3d 684, 696 (M.D. Pa. 2018) ("It is essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these

parties, not conduct which affects the consuming public at large."), *quoting* New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 321, 639 N.Y.S.2d 283 (1995).

68.     Resolution of this dispute will involve the specific terms of MMIC's Policy and the specific facts of Plaintiff's alleged shutdown.  It will not affect the resolution of disputes involving other insureds with different facts and different insurers with different policy language.

69.     As to the fourth factor, "[t]he state and federal courts are equally able to grant effective relief."  Kelly, 868 F.3d at 289.

70.     Fifth and sixth, there is no pending parallel state court case, and therefore no concern with duplicative litigation.

71.     Seventh, there is no concern with procedural fencing – "[T]here has been no concern expressed that removal of the Declaratory Action was driven by an improper motive."  Id.

72.     The eighth factor is inapplicable here, as it relates to declaratory judgment actions relating to liability insurance, where the issue is coverage for a pending tort action against the insured and, typically, whether the insurer has a duty to defend.  Id. at 283.  This case involves first-party property insurance for the insured's own loss, and there is no related pending state court action and no issue of a "duty to defend."

73.     As in Kelly, "[t]hese factors [do] not outweigh the lack of a parallel state proceeding in this case. As a result, 'considerations of practicality and wise judicial administration,' Wilton, 515 U.S. at 288, counsel against abstention …" 868 F.3d at 289.

## AMOUNT IN CONTROVERSY

74.     Insofar as it concerns the scope of the claim and damages sought, Plaintiff seeks coverage under the Policy for losses, damages, and expenses caused by the COVID-19 pandemic and sustained by both DiAnoia's and Pizzeria Davide from at least the March 19, 2020 issuance

of Pennsylvania Governor Tom Wolf's Order closing the physical locations of non-life sustaining business, through the present, and into the future, such that it appears that Plaintiff seeks an amount in excess of $75,000. (See e.g., Ex. 1 and 2, ¶¶ 20-22, 24-28, 30, 32-34, 36, 38, 42.)

75.    Upon information and belief and based on MMIC's claim investigation, Plaintiff contends that it lost approximately $110,000 in revenue during the first two weeks of the time period in question.

76.    There should be no question that the claim exceeds the $75,000 jurisdictional threshold. See 2:20-cv-00706-NBF Order [Doc. 3], at 2.

77.    Accordingly, where Plaintiff seeks such sums, the amount in controversy exceeds the jurisdictional requirement of $75,000.

## STATEMENT OF REMOVAL JURISDICTION

78.    For the foregoing reasons, where Plaintiff and MMIC are citizens of different states, Pennsylvania and Ohio, respectively, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Pennsylvania has original, non-discretionary jurisdiction over this matter.  See 28 U.S.C. § 1332; Rarick, supra.

79.    Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the claim is between citizens of different states.

80.    MMIC submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant, Motorists Mutual Insurance Company, removes this civil action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By:  /s/ Matthew A. Meyers
  Matthew A. Meyers (PA I.D. 202838)
  E-mail: mameyers@burnswhite.com
  Robert E. Dapper, Jr. (PA I.D. 46378)
  E-mail: redapper@burnswhite.com
  Taylor M. Wantz (PA I.D. 327312)
  E-mail: tmwantz@burnswhite.com
  Burns White Center
  48 26th Street
  Pittsburgh, PA 15222
  (412) 995-3281 – Direct
  (412) 995-3300 – Fax
  *Attorneys for Defendant, Motorists Mutual Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on May 29, 2020, the within **NOTICE OF**

**REMOVAL** was filed electronically and will be served upon all counsel as follows:


JAMES C. HAGGERTY, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER &
KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103

SCOTT B. COOPER, Esquire
SCHMIT KRAMER, P.C.
209 State Street
Harrisburg, PA 17101


JOHN P. GOODRICH, Esquire
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219

JONATHAN SHUB, Esquire
KOHN SWIFT
1600 Market Street, Suite 2500
Philadelphia, PA 19103


*Attorneys for Plaintiff*


/s/ Matthew A. Meyers
Matthew A. Meyers