IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

DIANOIA'S EATERY, LLC d/b/a           :
DIANOIA'S and PIZZERIA DAVIDE         :
                                      :
        vs.                           :
                                      :  NO.  2:20-cv-00787-NBF
MOTORISTS MUTUAL INSURANCE            :
COMPANY                               :
          :

## **MOTION TO REMAND**

### **Generally**

1.      The present action involves a claim seeking ***only*** declaratory relief ***involving only state law issues*** in connection with the propriety of the denial of benefits under a policy of business insurance issued by the Defendant, Motorists Mutual Insurance Company, to the Plaintiff, DiAnoia's Eatery, LLC d/b/a DiAnoia's and Pizzeria Davide ("DiAnoia's").

2.      Mere weeks ago, this Honorable Court remanded this same case *sua sponte* with identical issues in <u>DiAnoia's Eatery v. Motorists Mutual Insurance Company</u>, No. 20-706 (W.D. Pa. May 19, 2020), see attached Exhibit "A." Defendant nonetheless removed this case a second time.

3.      The Complaint in this matter was originally filed in the Court of Common Pleas of Allegheny County.  A true and correct copy of the Complaint is attached hereto as Exhibit "B." The Complaint was inadvertently filed with the incorrect insurance policy attached; the correct policy is attached at Exhibit "C."

4.      Plaintiff will stipulate to diversity of the parties in this matter. However, the Complaint in the present matter contains one count, and it seeks ***only*** declaratory relief and ***involves only state law issues***.

1

5.      The Complaint seeks a declaration that Plaintiff is entitled to insurance coverage

for coverage including losses, damages, and expenses caused by the COVID-19

pandemic and associated orders of the Governor of Pennsylvania and Secretary of Health.

<u>**Background**</u>

6.      At all times material hereto, Plaintiff owned and operated DiAnoia's Eatery and

Pizzeria Davide, restaurants located in the Strip District neighborhood of Pittsburgh.

7.      This case arises out of the ongoing COVID-19 pandemic.

8.       On March 6, 2020, Governor Tom Wolf issued a Proclamation of Disaster

Emergency as a result of the COVID-19 virus.

9.      On March 19, 2020, Governor Tom Wolf issued an Order requiring all non-life

sustaining businesses in the Commonwealth to cease operation and to close all physical

locations.

10.      On March 23, 2020, Governor Tom Wolf issued a Stay at Home Order for

citizens of various counties including Allegheny County.

11.      On March 23, 2020 the Pennsylvania Department of Health issued a similar Order

noting that the "operation of non-life sustaining businesses present the opportunity for

unnecessary gatherings, personal contact and interaction that will increase the risk of

transmission and the risk of community spread of COVID-19."

12.      On April 1, 2020, Governor Tom Wolf extended the March 23, 2020 Stay at Home

Order to the entire Commonwealth of Pennsylvania.

13.      The COVID-19 virus, as evidenced by these Orders, causes damage to property,

particularly in places of business, such as that of Plaintiff, DiAnoia's, and other similarly

situated persons and organizations, where the operation of the business requires inter-

action, gatherings and contact in areas where there exists a heightened risk of contamination by the COVID-19 virus.

**Insurance Coverage**

14.    13.    At all times material hereto, there existed, in full force and effect, a Business Insurance by Motorists policy (No. 33.309917-60E) ("Motorists Policy") issued by Defendant, Motorists, to Plaintiff, DiAnoia's, providing, *inter alia*, property, business, personal property, business income, extra expense, continuation, civil authority and additional coverages applicable to the losses, damages, and expenses clamed in this action.  A true and correct copy of the Motorists Policy is attached hereto and marked as Exhibit "C".

15.    The Motorists Policy was in effect and provided coverage for the period June 20, 2019 to June 20, 2020.

16.    The Motorists Policy is an "All Risks" policy which provides coverage for losses, damages, and expenses to the insured premises unless specifically excluded.

17.    The Motorists Policy does not exclude the losses, damages, and expenses caused by the COVID-19 Pandemic.

18.    The Motorists Policy provides coverage for the losses, damages, and expenses incurred Plaintiff, DiAnoia's, as a result of the COVID-19 pandemic and the actions of the government in response thereto.

19.    This case involves purely an issue of Pennsylvania state law.

**Insurance Claim**

20.     As a result of the impact of the COVID-19 pandemic and the referenced Orders of the Governor, Plaintiff, DiAnoia's, has sustained partial loss of use of its premises, was forced stop all seated and eat-in food service, has seen a dramatic decrease in its business, and has been forced to furlough employees, thereby incurring losses, damages, and expenses.

21.     Following the Governor's shut down order, Plaintiff, DiAnoia's, made a claim for insurance coverage with Defendant, Motorists.

22.     Defendant, Motorists, denied Plaintiff's claim in writing on April 7, 2020. See denial letter at Exhibit "D."

23.     Following the disclaimer of coverage by Defendant, Motorists, Plaintiff, DiAnoia's, instituted the present declaratory judgment action seeking a declaration that the relevant policy covers losses, damages, and expenses resulting from the COVID-19 pandemic and associated governmental orders.

**<u>Legal Coverage Issue</u>**

24.     In the present action, Defendant, Motorists, has denied and disclaimed coverage to Plaintiff, DiAnoia's, for various business insurance benefits under the policy of insurance in question contending that Plaintiff's losses, damages, and expenses are not covered under the policy.

25.     Plaintiff, DiAnoia's, has instituted the present declaratory judgment action challenging the propriety of the denial of coverage.

26.     The only issue before this court is the legal coverage issue with respect to the validity of Defendant' denial of Plaintiff's insurance claim.

27.     The issue in dispute before this Court is solely a question of state law.

4

## Basis for Remand

28.     The instant action presents to this Court a legal coverage issue involving a claim for declaratory relief **alone**.

29.     The only issue in this case is the validity of the denial of insurance coverage; declaratory relief alone is sought.

30.     The exercise of jurisdiction in any declaratory judgment action by the Federal Courts is discretionary.

31.     The issue presented to this Court in this case, namely, the validity of a denial of insurance coverage, is an issue only of state law.

32.     The legal coverage issues arising in this matter are more appropriately addressed by the Pennsylvania Courts.

33.     In this matter, the issues of state law are more properly addressed and resolved in the forum where suit was originally instituted, namely, the Court of Common Pleas of Allegheny County.  See <u>Reifer v. Westport Insurance Company</u>, 751 F.3d 129 (3rd Cir. 2014); <u>State Auto Insurance Company v. Summy</u>, 234 F.3d 131 (3rd Cir. 2000); <u>Sherer v. Federated Mutual Insurance Company</u>, 2019 WL 5423014 (E.D. Pa. 2019); <u>State Farm Fire and Casualty Insurance Company v. Jones</u>, CIV.A. 15-736, 2015 WL 3645260 (W.D. Pa. June 10, 2015); and <u>DiAnoia's Eatery v. Motorists Mutual Insurance Company</u>, No. 20-706 (W.D. Pa. May 19, 2020).

34.     Defendant will not concur in this Motion.

        WHEREFORE, Plaintiff, DiAnoia's, respectfully requests that the Court enter an Order remanding this case to the Court of Common Pleas of Allegheny County for further handling.

Respectfully submitted:

GOODRICH & ASSOCIATES, PC

BY:      /s/ John P. Goodrich
JOHN P. GOODRICH, Esquire
PA Attorney I.D. # 49648
429 4th Avenue, Suite 900
Pittsburgh, PA  15219
412-261-4663
FAX 412-261-4665

SCHMIDT KRAMER, PC


BY: _____
SCOTT B. COOPER, Esquire
PA Attorney I.D. #70242
209 State Street
Harrisburg, PA  17101
(717) 232-6300

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:  _____
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600


SHUB LAW FIRM, LLC


BY: _____
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
134 Kings Highway E.
2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

Attorneys for Plaintiff

6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANOIA'S EATERY, LLC d/b/a | : |
| DIANOIA'S and PIZZERIA DAVIDE | : |
| | : |
| vs. | : |
| | : NO. 2:20-cv-00787-NBF |
| MOTORISTS MUTUAL INSURANCE | : |
| COMPANY | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**FACTS**

In the present action, the plaintiff, DiAnoia's, seeks a declaration as to the rights
and obligations of a policy issued by the Defendant, Motorists, to the plaintiff. At issue is
whether coverage is available for losses, damages, and expenses Plaintiff sustained as a
result of the COVID-19 pandemic and associated governmental orders. Plaintiff
maintains that coverage is available under the terms of a Business Owners policy of
insurance issued by Motorists which provides property, business, personal property,
business income, extra expense, continuation, civil authority, and additional coverages.
This lawsuit presents an issue of interpretation of an insurance policy.  It is an issue of
state law alone.  The exercise of jurisdiction by this Court over a declaratory judgment
proceeding is discretionary.  The issue is more appropriately addressed and resolved by
the Pennsylvania State Courts.  Accordingly, remand of the case to the Court of Common
Pleas of Allegheny County is respectfully requested.

**ARGUMENT**

    **(a)**    **Generally**

7

At issue is the interpretation of a business insurance policy. Declaratory relief alone is sought. The present action does not present a federal question nor does it promote a federal interest. Exercise of jurisdiction over this matter by the federal courts is discretionary, and the district courts are not compelled to exercise it. Rather, district courts in declaratory actions have "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995). A remand is sought to the Court of Common Pleas of Allegheny County. The federal courts have held that it is appropriate for them to "step back' in order to resolve such issues. Accordingly, remand to the Court of Common Pleas is respectfully requested.

**(b)** **Standard of Review**

It is well established that removal statutes are to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir.2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). Remand is mandatory if the district court concludes that it lacks federal subject matter jurisdiction. The Bachman Co. v. MacDonald, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001). Federal courts are of limited jurisdiction and "in order to carry out congressional intent to limit jurisdiction and diversity cases, doubts must be resolved in favor of remand". Samuel-Bassett v Kia Motors America 357 F.3d 392 (3d Cir. 2004). Upon a Motion to Remand, it is the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand. Batoff v State Farm Ins. Co. 977 F.2d 848. Removal statutes are strictly construed by Courts and all doubts are resolved in favor of remand. Boyer v Snap-On-Tools Corp. 913 F.2d. 108

8

**(c)**      **Jurisdiction is Discretionary in Declaratory Judgment Matters**

The Declaratory Judgment Act, 28 USCA §§2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances.  This statute provides that a court "***may*** declare the rights . . . of any interested party," 28 U.S.C.A. §2201(a)(emphasis added), and contemplates that district courts will exercise discretion in determining whether to entertain such actions. Federal courts are of limited jurisdiction and "in order to carry out congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor or remand."  <u>Samuel-Bassett v. Kia Motors America</u>, 357 F.3d 392 (3rd Cir. 2004).  As the Third Circuit succinctly stated:

> The "breadth of leeway" granted to federal court originates in the "statutes textual commitment to discretion". <u>Id</u>. at 286-87, 115 S.Ct. 2137. Consequently, district courts are authorized, "in the sound exercise of [their discretion], to stay or to dismiss or an action involving a declaratory judgment before trial or after all arguments have drawn to a close. <u>Id</u>. at 288, 115 S.Ct. 2137.  Although an exercise of discretion must be "sound", the Supreme Court has otherwise framed DJA discretion in broad terms: "[T]the priority of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.  <u>Id</u>. at 287, 115 S.Ct. 2137 (quoting PUB. Serv. <u>Comm'n of Utah v. Wycoff Company</u>, 344 U.S. 237, 243, 73 S.Ct. 236, 97 L.Ed. 291 (1952).  Rather than being subject to the "normal principle that federal courts should adjudicate claims within their jurisdiction, "district courts exercising DJA discretion are governed by "considerations of practicality and wise judicial administration. <u>Id</u>. at 288, 115 S.Ct. 2137.

<u>Reifer v. Westport Insurance Company</u>, 751 F.3d 129 (3rd Cir. 2014).  Additionally, with respect to claims arising from insurance disputes, the Third Circuit has identified "suggested relevant considerations" for whether a court must decline jurisdiction under the DJA.  In this regard, the Third Circuit identified the following factors:

(1)      a general policy of restraint when the same issues are pending in a state court;

   (2)  an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and

   (3)   avoidance of duplicative litigation.

State Auto Insurance Companies v. Summy, 234 F.3d 131 (3d Cir. 2000).  Recently the Third Circuit has again addressed the factors to be considered by the trial court when determining whether to exercise DJA jurisdiction.  Specifically, in Reifer, the court set forth the following factors:

> Thus, when determining whether to exercise DJA jurisdiction, in addition to consulting the *Brillhart* factors a district court should guide its exercise of sound and reasoned discretion by giving meaningful consideration to the following factors to the extent they are relevant:

>  (1)  the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

>  (2)  the convenience of the parties;

>  (3)  the public interest in settlement of the uncertainty of obligation;

>  (4)  the availability and relative convenience of other remedies;

>  (5)  a general policy of restraint when the same issues are pending a state court;

>  (6)  avoidance of duplicative litigation;

>  (7)  prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

>  (8)  (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize the suit in federal court as falling within the scope of a policy exclusion.

> These factors are non-exhaustive, and there will be situations in which district courts must consult and address other relevant case law or considerations.  For example, in insurance cases, (and to the extent *Summy* applies elsewhere) *Summy's* additional guidance would also be considered.

> The weighing of these factors should be articulated in a record sufficient to enable our abuse of discretion review.

Reifer, 751 F.3d at 146.   In Summy, the Third Circuit noted that it is proper for federal courts to "step back" in order to allow state courts the opportunity to resolve unsettled state law matters.  Summy, 234 F.3d at 136.  Further, in Summy, the Court stated:

> It follows that the state's interest in resolving its own law must not be given short shrift simply because one party or indeed, both parties, perceive some advantage in the federal forum.

Summy, 234 F.3d at 136.   See also Allstate Ins. Co. v. Seelye, 198 F.Supp. 2d 629 631-32 (W.D.Pa. 2002) (when the sole issue of insurance coverage presents not federal question, nor promotes any federal interest, district courts are reluctant to exercise jurisdiction over the declaratory judgment actions).

In the present action, the plaintiff, DiAnoia's, seeks a declaration with respect to its right to recover for losses, damages, and expenses under property, business, personal property, business income, extra expense, continuation, civil authority, and additional coverages insurance under the businessowners policy issued by the Defendant, Motorists. This lawsuit does not present a federal question nor does it promote a federal interest.  On the contrary, at issue in the present matter is only the question of whether, under Pennsylvania law, coverage is available here.  This issue of state law should be resolved by the state courts.  Accordingly, it is respectfully requested that this Court remand the matter to the Court of Common Pleas of Allegheny County.

The federal courts regularly decline jurisdiction in declaratory judgment matters which have been removed to Federal Court.   In Roth v. Progressive Ins. Co., 2008 U.S. Dist. LEXIS 56400 (W.D. Pa. July 22, 2008), the District Court in this Western District of Pennsylvania remanded *sua sponte* a declaratory judgment action where an

11

uninsured/underinsured motorist case was filed via a declaratory judgment action.  In his

Opinion, Judge Lancaster stated:

> The district court's discretionary power to decline to hear declaratory judgment actions, however, is not open ended.  For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  *Citations omitted*.  None of these expectations are present here.  Indeed, this action presents the all too common case of an insurance company coming to federal court, under diversity jurisdiction to receive declarations on purely state law matters.

Id. at 3-4.  In this matter, the court should refrain from exercising jurisdiction in this

declaratory proceeding involving state law issues alone.

In Roth, the court further noted that there is no federal interest where the federal

court is to be apply state law.  Thus, such a situation weighs "heavily against exercising

jurisdiction".  Id. at 5.  Additionally, Judge Lancaster noted that a parallel state proceeding

is not necessary in order for a federal court to decline jurisdiction.  Id. at 4-5.  This same

rule of law has been followed by other federal court decisions.  See Lorini v. Progressive

N. Ins. Co., 2008 U.S. Dist. LEXIS 100714 (W.D. Pa. December 12, 2008); United Fin.

Cas. Co. v. Fornataro, 2008 U.S. Dist. LEXIS 71449 (W.D. Pa. September 18, 2008);

Dixon v. Progressive Northern Ins. Co., 2008 U.S. Dist. LEXIS 65594 (W.D. Pa. August

27, 2008).  See also Reifer v. Westport Insurance Company, 751 F.3d 129 (3rd Cir. 2014).

In the recent case of Sherer v. Federated Mutual Insurance Company, the Eastern

District of Pennsylvania remanded the plaintiff's declaratory action as to underinsured

motorist benefits to state court. In so holding, the court observed that the primary issue was

one of coverage: does the policy cover what the plaintiff claims it does? As such, the Court

held that remand was appropriate as it presented a common issue in declaratory judgment

actions and fell under the discretionary jurisdiction afforded by the Declaratory Judgment Act. Sherer v. Federated Mutual Insurance Company, 2019 WL 5423014 (E.D. Pa. 2019) (unreported and attached at Exhibit "E") citing Reifer. The Court in Sherer also observed that in cases where a new issue of state law is presented, the Federal courts should be particularly hesitant to exercise their jurisdiction in declaratory actions. Quoting Summy, the Court reiterated that "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law." Sherer, p. 4. See also Allstate Fire and Casualty Company v. Archer, 2018 WL 2538859 (W.D. Pa. June 4, 2018) quoting Frederick Mutual Ins. Co. v. Target Corp., 2018 WL 1399375 (E.D. Pa. Mar. 19, 2018) noting that "insurance issues governed by state law have no special call on the federal forum."

The issue presented in the instant case is one of first impression, namely whether Plaintiff's contract of insurance covers losses, damages, and expenses arising out of the COVID-19 pandemic. This is an issue best addressed by the Pennsylvania courts applying their own law regarding insurance contract interpretation. It has no special place in the federal forum, and there is no advantage to the federal court attempting to predict what the state court would do as the state court is perfectly able and situated to handle the issues here involved. "The public interest will not be better served by the federal court deciding the insurance coverage issue when the state court … can equally well decide the issue." Burke-Dice v. Gov't Employees Ins. Cos., 2017 WL 3485873, at *4 (quoting Allstate Ins. Co. v. Antoine, 2012 WL 707069, at *3 (E.D. Pa. Mar. 6, 2012)).

The Western District of Pennsylvania declined diversity jurisdiction in State Farm Fire and Casualty Insurance Company v. Jones, CIV.A. 15-736, 2015 WL 3645260 (W.D.

Pa. June 10, 2015). In <u>Jones</u>, State Farm sought a declaration that it was not obligated to indemnify or defend its insured in an underlying state court action. The case was remanded to state court after a thorough analysis of the law on this subject. Here, as in <u>Jones</u>, the dispute is not governed by federal law, no federal interests are at stake, and state law regarding the interpretation of insurance language is robust. As this Honorable Court said, "the state court system is more than capable of resolving this dispute in accordance with its own law." <u>Id.</u> at p. 4.

Mere weeks ago, this Honorable Court remanded this same action in <u>DiAnoia's Eatery v. Motorists Mutual Insurance Company</u>, No. 20-706 (W.D. Pa. May 19, 2020), see Exhibit "A," attached. The issues in <u>DiAnoia's</u> and the present action are indistinguishable as it is literally the same case. DiAnoia's sought then and continues to seek a declaration of coverage for business interruption as a result of the COVID-19 pandemic. Motorists removed on the basis of diversity, and this Honorable Court remanded the action *sua sponte.* While this Honorable Court remanded on the basis that diversity had not been sufficiently demonstrated, the Court also conducted a thorough analysis of the <u>Reifer</u> factors outlined above in concluding that even if diversity existed, the case should still be remanded as it seeks declaratory relief only. In that holding, this Honorable Court stated:

> Plaintiff's Complaint raises novel insurance coverage issues under Pennsylvania law which are best reserved for the state court to resolve in the first instance ... Therefore, 'serious consideration' must be given to the facts that any declaration issued by this Court as to the parties' rights under the insurance policy would be merely predicting how Pennsylvania courts would decide these novel issues arising from the COVID-19 pandemic, a matter of great public concern, with little persuasive authority from state courts on these issues.
>
> Citing <u>Reifer</u>, 751 F.3d at 148; <u>Summy</u>, 234 F.3d at 135.

14

**CONCLUSION**

The present action involves coverage claims arising under state law as to the interpretation of insurance contracts.  Declaratory relief alone is sought.  The exercise of jurisdiction by this court in this matter is discretionary.  Therefore, it is respectfully requested that the court decline the opportunity to exercise jurisdiction and remand this matter to the Court of Common Pleas of Allegheny County for further handling.

Respectfully submitted:

GOODRICH & ASSOCIATES, PC

BY:     /s/ John P. Goodrich
JOHN P. GOODRICH, Esquire
PA Attorney I.D. # 49648
429 4th Avenue, Suite 900
Pittsburgh, PA  15219
412-261-4663
FAX 412-261-4665

SCHMIDT KRAMER P.C.

BY:     s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.


BY:   s/ James Haggerty _
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600

SHUB LAW FIRM, LLC


BY:   s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
134 Kings Highway E.
2nd Floor
Haddonfield, NJ 08033
(856) 772-7200

Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

John P. Goodrich, Esquire, hereby certifies that a copy of the Response to Motion to Remand and accompanying Memorandum of Law were served on the date noted below via electronic filing and first-class mail and electronic mail, addressed as follows:

Matthew A. Meyers, Esquire
Burns White
48 26th Street
Pittsburgh, PA 15222
mameyers@burnswhite.com

GOODRICH & ASSOCIATES, PC

 /s/ John P. Goodrich_____
JOHN P. GOODRICH, Esquire
Attorney for Plaintiff

Date:   6/16/20

## <u>CERFICATION OF COMPLIANCE</u>

I, John P. Goodrich, Esquire, certify that this filing complies with the provisions of the Case Records Public Access Policy of the United Judicial System of Pennsylvania that requires filing confidential information and documents differently that non-confidential information and documents.

GOODRICH & ASSOCIATES, PC

BY:    _/s/John   P.   Goodrich_____
JOHN P. GOODRICH, Esquire
PA Attorney I.D. # 49648
429 4th Avenue, Suite 900
Pittsburgh, PA  15219
412-261-4663
FAX 412-261-4665

Attorneys for Plaintiffs

Date:  6/16/20

18

## **CERTIFICATE OF COMPLIANCE**

John P. Goodrich, Esquire, hereby certifies that counsel for the moving party
conferred with counsel below for the non-moving party to determine whether the instant
Motion could be avoided, and that it could not:

Matthew A. Meyers, Esquire
Burns White
48 26th Street
Pittsburgh, PA 15222
mameyers@burnswhite.com

GOODRICH & ASSOCIATES, PC

/s/ John P. Goodrich
JOHN P. GOODRICH, Esquire
Attorney for Plaintiff

Date:   6/16/20

19

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANOIA'S EATERY, LLC d/b/a | : |
| DIANOIA'S and PIZZERIA DAVIDE | : |
| | : |
| vs. | : |
| | : NO. 2:20-cv-00787-NBF |
| MOTORISTS MUTUAL INSURANCE | : |
| COMPANY | : |

**ORDER**

AND NOW, this_____day of _____, 2020, upon consideration of the Motion to Remand and the Response thereto, it is hereby,

ORDERED AND DECREED that the Motion is **GRANTED;**

AND FURTHER that the present action is remanded to the Court of Common Pleas of Allegheny County.


BY THE COURT:


_____
                                    J.