IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANOIA'S EATERY, LLC d/b/a DIANOIA'S and PIZZERIA DAVIDE,<br><br>          Plaintiff,<br><br>     v.<br><br>MOTORISTS MUTUAL INSURANCE COMPANY,<br><br>          Defendant. | Civil Action No. 2:20-cv-00787-NBF<br><br>Hon. Nora Barry Fischer |

**BRIEF IN SUPPORT OF**
**MOTION FOR RECONSIDERATION AND AMENDMENT OF REMAND ORDER**

NOW, comes Defendant, Motorists Commercial Mutual Insurance Company ("Motorists"), by and through its attorneys, BURNS WHITE LLC, and files this Brief in Support of Motion for Reconsideration and Amendment of Remand Order.

**BACKGROUND**

The instant matter relates to Plaintiff's claim for insurance coverage for damage and loss allegedly caused by the COVID-19 virus, pandemic, and related governmental orders. (See Compl. [Doc. 1-1], *generally*.) Plaintiff filed its action in the Court of Common Pleas of Allegheny County, and Motorists Removed the action to this Court based on the Court's diversity jurisdiction. (See Compl. [Doc. 1-1], *generally*; Notice of Removal [Doc. 1], *generally*.) Plaintiff has conceded diversity and has not challenged the amount in controversy. (See Mot. to Remand [Doc. 8] ¶ 4, *generally*.) By its Motion to Remand, Plaintiff sought to have this Court decline to exercise its jurisdiction, arguing that the Court's jurisdiction is discretionary. (See Mot. to Remand [Doc. 8] ¶¶ 28-33.)

On August 27, 2020, by its Remand Order, the Court granted Plaintiff's Motion to Remand, declining to exercise its jurisdiction pursuant to the Declaratory Judgment Act ("DJA"). (See Order, Aug. 27, 2020 [Doc. 19], pp. 1-2.) In doing so, the Court remanded the action to the Court of Common Pleas of Allegheny County, and ordered the Clerk of Courts to close the case and serve a certified copy of the Court's Order on the Prothonotary. (Id., p. 2.)

However, Motorists submits that in so doing the Court has prematurely ordered the remand and closing of the federal court action, inconsistent with the continuing jurisdiction of the federal courts and Motorists' right to appeal. Accordingly, for the reasons more fully set forth below, Motorists respectfully requests that the Court direct the Clerk to refrain from sending the Remand Order to the Allegheny County Prothonotary, or, in the alternative, issue an order clarifying the continuing jurisdiction of the federal courts pending appeal.

## ARGUMENT

In Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014), the United States Court of Appeals for the Third Circuit ruled that "a remand order entered pursuant to the DJA is an appealable final decision because it is functionally indistinguishable from the remand order found appealable in Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 713–15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)." Reifer, 751 F.3d at 133. Accordingly, the limitations on the appealability of a remand order as set forth in 28 U.S.C. § 1447(d) do not apply. Id. ("a remand under the DJA implicates neither a lack of subject matter jurisdiction nor a defect in removal procedure. Thus, 28 U.S.C. § 1447(d) does not preclude our review."), *citing* Quackenbush, 517 U.S. at 712, 116 S.Ct. 1712 (holding that, because § 1447(d) must be read *in pari material* with § 1447(c), its proscription against appellate review is limited to those circumstances implicated by § 1447(c)), and In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir.1998).

In Rarick v. Federated Service Insurance Company, 2:13-cv-03286 (Order, March 4, 2016) (attached to Motorists' Motion at Ex. 1), the United States District Court for the Eastern District of Pennsylvania specifically recognized that in accordance with (i) Reifer, (ii) the right to the appellate review of "a district court's discretionary remand under the Declaratory Judgment Act," and (iii) applicable Third Circuit precedent, the limitations of § 1447(d) are inapplicable in a case such as this, and that the district court retains jurisdiction pending appeal. Id., n. 1, *citing* Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 158 (3d Cir. 1998) ("if § 1447(d) does not deny an appellate court jurisdiction to review a remand order, it cannot deny the district court jurisdiction to entertain a motion for reconsideration before the notice of appeal is filed. See, e.g., J.O. v. Alton Community Unit Sch. Dist. 11, 909 F.2d 267, 273–274 (7th Cir.1990) (holding that a district court has the power to reconsider its order following a § 1367(c) remand during the time allowed for filing a notice of appeal).")

Further, even to the extent that the Clerk may have mailed the Remand Order to the Allegheny County Prothonotary, because the Remand Order does not implicate § 1447(d), "the mailing of a remand order does not divest a district court of jurisdiction." Hudson United Bank, 142 F.3d at 158; see also Rarick, *supra*.[1]

**CONCLUSION**

Accordingly, where the Court's Remand Order remains subject to appeal to the Third Circuit, § 1447(d) is inapplicable, and the Court retains jurisdiction following the entry of a remand order founded on discretionary jurisdiction pursuant to the DJA, Motorists respectfully requests that the Court amend its order and/or enter an Order consistent with Motorists proposed order

---

[1] In Rarick, the district court sent the certified copy of the remand order to the state court on October 30, 2015, and subsequently found that it had jurisdiction to rule on its prior remand order on March 4, 2016. (See Ex. 1; Ex. 2, Docket Extract Rarick, 2:13-cv-03286.)

directing the Clerk of Courts to refrain from remanding this matter and sending the Remand Order to the Allegheny County Prothonotary and clarifying that jurisdiction remains with the district court pending appeal.

            Respectfully submitted,

            BURNS WHITE LLC

         By: /s/ Matthew A. Meyers
            Matthew A. Meyers (PA I.D. 202838)
            E-mail: mameyers@burnswhite.com
            Robert E. Dapper, Jr. (PA I.D. 46378)
            E-mail: redapper@burnswhite.com
            Taylor M. Davis (PA I.D. 327312)
            E-mail: tmdavis@burnswhite.com
            Burns White Center
            48 26th Street
            Pittsburgh, PA 15222
            (412) 995-3281 – Direct
            (412) 995-3300 – Fax
            *Attorneys for Defendant, Motorists*
            *Commercial Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on August 28, 2020, the within **BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION AND AMENDMENT OF REMAND ORDER** was filed electronically and will be served upon all counsel via the Court's ECF System. The Parties may access this filing through the Court's system.

| | |
|---|---|
| JAMES C. HAGGERTY, Esquire<br>jhaggerty@hgsklawyers.com<br>HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.<br>1835 Market Street, Suite 2700<br>Philadelphia, PA 19103 | SCOTT B. COOPER, Esquire<br>scooper@schmidtkramer.com<br>SCHMIDT KRAMER, P.C.<br>209 State Street<br>Harrisburg, PA 17101 |
| JOHN P. GOODRICH, Esquire<br>jack@goodrichpc.com<br>LAUREN R. NICHOLS, Esquire<br>lauren@goodrichpc.com<br>GOODRICH and ASSOCIATES, P.C.<br>429 Fourth Avenue, Suite 900<br>Pittsburgh, PA 15219 | JONATHAN SHUB, Esquire<br>jshub@shublawyers.com<br>SHUB LAW, LLC<br>134 Kings Highway E., 2nd Floor<br>Haddonfield, NJ 08033 |

*Attorneys for Plaintiff*

/s/ Matthew A. Meyers
Matthew A. Meyers