# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANOIA'S EATERY, LLC, d/b/a DIANOIA'S AND PIZZERIA DAVIDE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-787 ) |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 27th day of August, 2020, upon consideration of Plaintiff Dianoia's Eatery, LLC's Motion to Remand this declaratory judgment action seeking a declaration of coverage against Defendant Motorists Mutual Insurance Company for losses sustained due to COVID-19 pandemic shutdown orders, (Docket No. 8), Defendant's Response and Brief in Opposition, (Docket Nos. 10, 11), Plaintiff's Reply, (Docket No. 13), Defendant's Sur-Reply, (Docket No. 15), the notices of supplemental authority filed by the parties, (Docket Nos. 16, 17, 18), the prior Orders of this Court entered in *Dianoia's Eatery, LLC v. Motorists Mutual Insurance Company*, Civ. A. No. 20-706, the first of which, Docket No. 3 (W.D. Pa. May 19, 2020), remanded this case pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction and noted in the alternative that the Court would decline to exercise jurisdiction over such action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("DJA") after analyzing the relevant factors set forth by the Third Circuit in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 n.4 (3d Cir. 2014) and the second Order, Docket No. 5 (W.D. Pa. May 27, 2020), which dismissed an amended and renewed notice of removal for lack of jurisdiction under 28 U.S.C. § 1447(d) given that the case had been remanded to the state court and once again commented that

1

it would decline to exercise subject matter jurisdiction under the DJA and the Third Circuit's decision in *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017), and the Court further finding that Defendant's third attempt to remove this matter fares no better such that the Court will decline to exercise subject matter jurisdiction under the DJA for the reasons previously expressed, and that this Court's rationale is enhanced by the highly persuasive recent decisions in *Umami Pittsburgh, LLC d/b/a Umami v. Motorists Commercial Mutual Insurance Company*, Civil Case No. 2:20-cv-999, (W.D. Pa. Aug. 26, 2020) (Cercone, J.), and *Greg Prosmushkin, P.C. et al. v. the Hanover Insurance Group*, Civ. A. No. 20-2561, 2020 WL 4735498 (W.D. Pa. Aug. 14, 2020) (Jones, J.), remanding cases under similar facts and circumstances,

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [8] is GRANTED and this matter is REMANDED to the Court of Common Pleas of Allegheny County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Allegheny County, forthwith.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The DJA expressly provides that courts "**may** declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Although this case was "originally brought in state court under Pennsylvania law, the question of whether to exercise federal jurisdiction to adjudicate the controversy [becomes] a procedural issue under federal law." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 n.4 (3d Cir. 2014)

(citations omitted). This Court may decline to exercise jurisdiction under the DJA in situations such as this case when there is not a parallel state action after weighing factors set forth by the Third Circuit "bearing on the usefulness of the declaratory judgment remedy." *Kelly v. Maxum Specialty Ins. Group*, 868 F.3d 274, 282 (3d Cir. 2017). The Court of Appeals has held that the following factors should be considered, to the extent they are relevant:

> 1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> 2) the convenience of the parties;
>
> 3) the public interest in settlement of the uncertainty of obligation;
>
> 4) the availability and relative convenience of other remedies;
>
> 5) a general policy of restraint when the same issues are pending in state court;
>
> 6) avoidance of duplicative litigation;
>
> 7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> 8) in the insurance context, an inherent conflict of interest between an insurers' duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The Court of Appeals continued:

> [w]here state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to "step back" and be "particularly reluctant" to exercise DJA jurisdiction. [*State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135-36 (3d Cir. 2000)] ("[T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum."). The fact that district courts are limited to predicting—rather than establishing—state law requires "serious consideration" and is "especially important in insurance coverage cases." *Id*. at 135.

3

*Reifer*, 751 F.3d at 148. Further, "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law." *Summy*, 234 F.3d at 135.

At the outset, Defendant contends that the Court lacks discretion to decline jurisdiction under the DJA because Plaintiff's Complaint is truly a hybrid action seeking both damages for breach of contract and a declaration of coverage. Defendant reasons that application of the independent claims test set forth in *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) should result in this Court maintaining its virtually unflagging obligation to retain jurisdiction over this action. The Court disagrees because Plaintiff's single-count declaratory judgment action simply does not state a breach of contract action against Defendant seeking damages. As in *Prosmushkin* and *Umami*, Defendant's attempt to recharacterize Plaintiff's complaint is unavailing. To this end, as Judge Jones explained:

> Defendant claims Plaintiffs' action is in truth seeking legal, rather than declaratory judgment. While Plaintiffs' Complaint contains factual allegations that could potentially amount to breach of contract, Plaintiffs do not bring a parallel breach of contract claim. The Third Circuit warns of legal claims that "masquerade as a declaratory judgment" in order to activate discretionary jurisdiction. *Reifer* at 137. However, Plaintiffs' action is broader than Defendant's April 1, 2020 denial. Rather than alleging Defendant's denial was a breach of contract, Plaintiffs are seeking a more general declaration regarding their losses under an ongoing insurance policy caused by an ongoing pandemic. An action seeking declaratory judgment which would necessarily implicate payment by an insurer if the court finds that liability exists, does not automatically convert to a legal claim. Id. at 136. To use an example from this case, a legal claim "masquerading" as a declaratory claim would be one where Plaintiffs narrowly seek a declaration as to whether the April 1, 2020 denial by Defendant was proper. This would be a case which would have very obvious and specific damages attached to a declaration in Plaintiffs' favor, and as such, declaratory relief would be indistinguishable from legal relief. However, in this case, a broader declaration is sought by Plaintiffs regarding the rights and obligations of the parties for

4

>   the entire duration of the insurance policy, as it continues to run simultaneously with the COVID-19 pandemic.

*Prosmushkin*, 2020 WL 4735498, at *3 (E.D. Pa. Aug. 14, 2020); *see also Umami*, at 1 ("Defendants contend that removal is based upon the Court's nondiscretionary, original, diversity jurisdiction because Plaintiff's Complaint 'expressly alleges a 'breach of contract' claim relative to first party property coverages that seeks money damages." Having read the Complaint and Amended Complaint, the Court finds that Plaintiff seeks solely declaratory relief.").

The same is true here because Plaintiff's Complaint seeks a declaration that Plaintiff "is entitled to coverage for losses, damages, and expenses caused by the COVID-19 pandemic and the referenced Orders from Defendants, Motorists Mutual Insurance Company; and (b) such other relief as the court deems appropriate." (Docket No. 1-1 at 9). Plaintiff is the master of its complaint and certainly could have, but chose not to, pursue theories for legal relief against Defendant, including a claim for breach of contract, bad faith insurance practices, among others. However, the fact that Plaintiff could have brought additional claims in this action does not negate the Court's discretion under the DJA. *See Prosmushkin*, 2020 WL 4735498, at *4 ("That Plaintiffs could seek an action for breach of contract (or make any other plausible claim) does not make declaratory judgment inappropriate, as provided for by the text of the DJA itself."); *see also* 28 U.S.C. § 2201(a) ("[A]ny court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*.") (emphasis added). Therefore, the Court rejects Defendant's position that the Court lacks discretion to decline jurisdiction over this matter under the DJA and will continue its analysis. *See id.*

As this Court previously held, it has carefully considered each of the *Reifer* factors outlined above and concludes that Plaintiff's Complaint raises novel insurance coverage issues under Pennsylvania law, (i.e., business interruption, civil authority, extra expense, contamination, as well as pertinent exclusions raised by the defense), which are best reserved for the state court to resolve in the first instance. *See e.g., Reifer*, 751 F.3d at 148; *Summy*, 234 F.3d at 135. While a high volume of these types of insurance coverage cases have been brought by policyholders and insurance companies in state and federal courts across the country, including multiple cases in this District, there is not yet a body of caselaw developed by Pennsylvania courts due to the relative recency of the COVID-19 pandemic. Thus, "serious consideration" must be given to the facts that any declaration issued by this Court as to the parties' rights under the insurance policy would be merely predicting how Pennsylvania courts would decide these novel issues arising from the COVID-19 pandemic, a matter of great public concern, with little persuasive authority from state courts on these issues. *Reifer*, 751 F.3d at 148.

Both Judge Cercone and Judge Jones have reasoned similarly. In *Umami*, Judge Cercone remanded after holding that:

> Because such issues have not been addressed by the Commonwealth's highest court, any declaration of this Court as to the parties' rights under the insurance policy would be predicting how Pennsylvania courts would decide the COVID-19 coverage issues with little or no persuasive authority from the Pennsylvania state courts.

*Umami,* at 4. Judge Jones further expounded on this rationale in *Prosmushkin*:

> Given the novelty of the state law issue of insurance coverage for losses resulting from the COVID-19 pandemic, the Pennsylvania state courts are clearly better equipped to settle the uncertainty of obligation, and it is in the public's interest for them to do so. As such, this Court must therefore step back and allow Pennsylvania state courts to resolve the uncertainty. While federal courts are sometimes compelled to predict state law, it is often by reason of

6

> original jurisdiction and a lack of discretion to remand. Here, this Court does have a choice to decline to predict as-of-yet unestablished state law and instead allow Pennsylvania to establish that law for itself. As to *Reifer*'s concern regarding public interest, there is a clear and strong public interest that the uncertainty of obligation in this case be resolved. Insurance liability related to the COVID-19 pandemic is likely to be the subject of a significant number of cases in Pennsylvania state court. Furthermore, clarifying whether or not certain language in insurance policies creates coverage for losses due to COVID-19 will impact a significant portion of the population operating businesses of all kinds throughout the Commonwealth.
>
> …
>
> It is neither practical nor wise for this Court to attempt to predict how Pennsylvania would decide this novel and complex issue of state law when the discretion exists to allow Pennsylvania courts to address the matter for themselves.

*Promushkin*, 2020 WL 4735498, at *5. This Court adopts the same rationale and would further add that insurance coverage is a creation of state law, with policy language and premium rates being approved by the Pennsylvania Insurance Department in a highly regulated industry. Likewise, the shut down orders and other restrictions placed on Plaintiff's business were issued by state and local authorities. Hence, the Commonwealth's interest in this and similar litigation is paramount such that a remand to state court is the appropriate course in this case.

All told, the first, third, fourth and fifth *Reifer* factors strongly weigh in favor of remanding this matter to state court and clearly outweigh the lone factor in Defendant's favor, i.e., its clear preference to litigate in this federal forum, as evidenced by its three attempts to remove this action.

For all of these reasons, this matter is hereby remanded to the Court of Common Pleas of Allegheny County, forthwith.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.

8